NICOLÁS DURAND, Plaintiff and Appellee, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO AND LESLIE A. MAC LEOD, AUDITOR OF PUERTO RICO, Defendants and Appellants.

No. 7441. Argued December 18, 1936.—Decided February 17, 1937.

*B. Fernández García* and *E. de Aldrey* for appellants.   *A. Quirós Méndez* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

In 1930 the legislature created a District Court for the District of Bayamón and provided for the appointment of a judge and other officers at certain fixed salaries, including a secretary at $2,400. Durand was appointed secretary and served until July 31, 1935. The legislature appropriated for each of the fiscal years 1932–33 to 1935–1936, inclusive, something less than the $2,400 specified in the law of 1930.

Defendants appeal from an adverse judgment in a mandamus proceeding and say that:

"The District Court of San Juan erred in holding that, under the provisions of paragraph 13 of Section 34 of the Organic Act of Puerto Rico, the legislature had not authority or power to appropriate in the budget a salary different to that fixed by Act No. 57 of 1930, by which the office of the clerk of the District Court of Bayamón was created.

"2.—The District Court of San Juan erred in holding that the defendant should pay to the plaintiff, from any funds not otherwise appropriated, the sum of $857, as salary not paid to the plaintiff in his capacity of clerk of the District Court of Bayamón.

The second assignment as developed in the brief for appellants must stand or fall with the first.

Both parties cite *Arjona* v. *Winship*, 49 P.R.R. 50. See also case number 3136, same title, October Term 1936, wherein the Circuit Court of Appeals, in an opinion dated January 5, 1937, affirmed the judgment of this court.   87 F. (2d) 205.

The pertinent portion of paragraph 13 of Section 34 of the Organic Act provides that:

"Except as otherwise provided in this Act, no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment. . . ."

The argument of appellants is in substance: that to deny the legislative power to increase or diminish plaintiff's salary would confer upon plaintiff a privilege not enjoyed by other officials, including those who occupy similar positions in the other insular district courts, because the reduction in salaries was a general measure of economy affecting the salaries of all public officials; that the fixing of the secretary's salary in the special law of 1930 was a mere incident to the creation of the office and of the court and it was not the intention of the legislature that the same should remain intact notwithstanding the fact that the salaries of other public officials designated in the project might be subject to fluctuations.

Appellants rely on *Torres* v. *Board of Comm'rs,* 65 Pac. 181, as holding that there was no constitutional provision which forbade a general increase of salaries. What the New Mexico court definitely decided is set forth in the headnotes to that case in 65 Pac. 181 as follows:

"1.—The courts of New Mexico have power to pass upon the constitutionality of an act of the territorial legislature.

"2.—Chapter 34, Laws 1899, *held* to be unconstitutional and void."

The penultimate paragraph of the opinion relied on by appellants, but not included in the headnotes, reads as follows:

"There is no contention on the part of the defendant in error that the act of March 11, 1899, of the territorial legislature, mentioned above, does not contravene the provisions of the act of Congress of July 30, 1886, supra. The act of March 1, 1899, seems not to be open to the same criticism; it being operative in all counties in the territory, and the increase being uniform. At least, no objection is made to it by defendant in error."

We cannot agree with the New Mexico court if it meant to decide, rather than to assume for the purposes of its opinion, that a constitutional provision such as our own does not forbid a uniform increase or reduction in the salaries of all public officials or of a large number of public officials of the same class or of different classes.

In the Arjona case this court at the close of its opinion said, *arguendo:*

"There is not the least indication that the diminution provided for was due to purposes contrary to the fundamental thought of the constitutional limitation which has been invoked. The disminution was not for the petitioning judge alone nor for the judges as a class. It was extended to all the officers of Puerto Rico and had as a basis the precarious economic situation affecting the Island at that time."

In a case to which the constitutional prohibition was clearly inapplicable, it was well enough to point out as a make weight in the course of reasoning that the legislative purpose had not been tainted by the evil which Congress, through the enactment of paragraph 13, *supra,* had intended to suppress. It does not follow that an enactment, in the teeth of a constitutional prohibition, is constitutional merely because the motive of the legislature was commendable or because the law was of a general character and uniform in its operation, or was adopted as a measure of economy to meet an unusual situation. The object of a constitutional provision is one thing. The means by which that object is to be effected is another. Where the language is ambiguous or open to interpretation, the object or purpose of a constitutional provision may become important. Where, as in the instant case, the language is perfectly plain, there is no occasion for construction.

We cannot agree with appellants that a denial of the legislative power to diminish plaintiff's salary confers upon him any special privilege. If it be true that plaintiff enjoys a privilege not conferred upon those who occupy similar positions in other district courts, that result follows from the act of the legislature in fixing his salary at a specified yearly amount instead of providing for a salary, the amount of which should be determined from year to year, as in the Arjona case. It must be presumed that the legislature intended to do what it did and that it did this with full knowledge of the constitutional restriction upon its power. In any

event, the question before us is not a question as to the intention of the legislature in fixing the salary but a question as to the power of the legislature to change that salary after plaintiff's appointment. The prohibition contained in paragraph 13, *supra*, is unqualified and the question as to the power of the legislature, after the appointment of an officer, to change his salary previously fixed at a specified yearly rate does not turn upon the intention of the legislature at the time when the salary was so fixed.

The judgment appealed from must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.